PER CURIAM.
This is a timely appeal from a final summary judgment entered in favor of appel-lee, Charles Baumgarth, in an action brought by Charles seeking relief from his obligations of support under a final judgment of dissolution on the ground that the marriage was invalid due to bigamy on the part of appellant, Mona Baumgarth.
Mona contends that there were genuine issues of material fact existing that precluded entry of summary judgment. We agree and reverse.
Briefly, prior to this marriage between Mona and Charles, Mona had allegedly been married to Stephen Griffith. That marriage had not been dissolved nor annulled at the time Mona and Charles were married. In September, 1985, a final judgment was entered dissolving this marriage between Mona and Charles. Said judgment incorporated a separation and property settlement agreement providing for alimony and child support. When Charles failed to make the payments as required by the judgment, Mona resorted to the court for enforcement thereof. Charles responded by seeking relief from the judgment based upon Mona’s alleged fraud on Charles and the court in that her prior marriage to Griffith had never been dissolved. Finally, in April, 1986, Mona obtained a final judgment annulling the alleged marriage to Griffith.
Charles filed a motion for summary judgment, which alleges that no issue of fact exists because, at the time of this marriage, Mona remained married to Griffith; this marriage was a legal nullity; and the court should vacate the final judgment of dissolution entered between Mona and Charles as well as the separation agreement of the parties.
Some of the questions of fact remaining are whether Mona’s alleged marriage to Griffith was in fact and law a valid marriage rendering Mona incapable of contracting a valid marriage with Charles; also, whether Charles was aware of the alleged prior marriage to Griffith. Mona says he was; Charles denies it. There was conflicting evidence and inferences that could be drawn on the issues of the validity of the prior marriage, the validity of the later marriage, the existence of fraud on the part of Mona, and on Charles’s knowledge and acceptance of the prior marriage as being unlawful or invalid (such that he should be estopped from asserting the pri- or marriage as an impediment to make his marriage to Mona void).
Our review of the record convinces us that summary judgment was premature and that appellant was entitled to a trial of .the issues.
*515 Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
HERSEY, C.J., and DOWNEY and DELL, JJ., concur.